# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | |
|---|---|
| MICHAEL J. THOMPSON, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 09-CV-1269 |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| Defendant. | ) |

## O R D E R  &  O P I N I O N

This is an action challenging the Social Security Administration's adverse determination with respect to Plaintiff's application for benefits. Pending before the Court is Defendant's Motion to Dismiss (Doc. 9).

### PROCEDURAL HISTORY

On January 28, 2006, Plaintiff filed applications for disability insurance benefits and supplemental security income. (Doc. 10-1 at 8). On April 14, 2008 the administrative law judge (ALJ) denied Plaintiff's claims, finding that the Plaintiff was not disabled. (Doc. 10-1 at 16). Plaintiff timely appealed this decision to the Appeals Council. (Doc. 10-1 at 17). On October 17, 2008, the Appeals Council affirmed the ALJ's decision and a copy of this decision was immediately mailed to Plaintiff. (Doc. 10-1 at 3). On August 7, 2009, Plaintiff filed this action seeking judicial review of the ALJ's decision. On December 12, 2009, Defendant filed the instant Motion to Dismiss, arguing that Plaintiff's action is untimely.

# ANALYSIS

Defendant argues that Plaintiff's claim is time-barred by 42 U.S.C. § 405(g)-(h). 42 U.S.C. § 405(g)-(h) provides in pertinent part:

> (g) Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.
>
> (h) The findings and decision of the Commissioner after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of facts or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

Defendant is correct that these sections operate as a statute of limitations setting a sixty day time period in which a claimant may appeal a final decision of the Commissioner. *See Bowen v. City of New York*, 476 U.S. 467, 479 (1986). However, Plaintiff argues that he did not receive the initial copy of the Appeals Council's decision mailed on October 17, 2008 because the zip code was incorrect. (Doc. 12 at 2). Plaintiff further states that he did not receive a copy of the decision until June 9, 2009, when he picked up a copy from the local Social Security Office. (Doc. 12 at 6). In light of these facts, Plaintiff argues that the sixty day period should not have started to run until June 9, 2009. Consequently, Plaintiff argues that his Complaint of August 7, 2009 was timely.

20 C.F.R. § 422.210(c) explains that the sixty day time period referenced in 42 U.S.C. § 405(g) begins to run when an individual receives a notice of denial from the Appeals Council, which date is "presumed to be 5 days after the date of such

2

notice, unless there is a reasonable showing to the contrary." Here, Plaintiff alleges that he never received that copy of the Appeals Council's decision which was mailed on October 17, 2008 because it was addressed to the wrong zip code. Plaintiff has also submitted evidence supporting this contention – namely, a letter from the local Social Security Office dated June 9, 2009 documenting that the initial copy was mailed to the wrong zip code and that he had therefore been given a new copy on June 9, 2009. (Doc. 12 at 4). Defendant does not contest these facts.

In light of the foregoing, the Court concludes that Plaintiff has made a reasonable showing that he did not receive that initial copy of the notice of denial from the Appeals Council which was mailed on October 17, 2008. The Court further concludes that Plaintiff did receive a copy of the notice of denial on June 9, 2009. Consequently, the Court concludes that Plaintiff's suit is timely and, accordingly, DENIES Defendant's Motion to Dismiss.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (Doc. 9) is DENIED. IT IS SO ORDERED.

Entered this 17th day of August, 2011.

                                                  s/ Joe B. McDade
                                                  JOE BILLY McDADE
                                        United States Senior District Judge