E-FILED
Tuesday, 25 June, 2013  09:20:45 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| MICHAEL J. THOMPSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 09-1269 |
| ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |

## O R D E R  &  O P I N I O N

This matter is before the Court on Plaintiff's Motion for Attorney's Fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Doc. 25). On September 24, 2012, the Court granted, in part, Plaintiff's Motion for Summary Judgment, and remanded the matter to the Commissioner for further proceedings. (Doc. 23). Plaintiff's attorney, Ms. Ellen Hanson, attests that she performed 42.3 hours of work in appealing the decision of the Commissioner to this Court. Plaintiff seeks reimbursement for fees at the rate of $180 per hour, totaling $7,614, and costs of $58. Defendant filed a Response, arguing that the hourly rate is unreasonable, but otherwise not contesting Plaintiff's entitlement to attorneys' fees. (Doc. 26).

Under the EAJA, a district court shall award attorneys' fees if "1) the claimant is a 'prevailing party'; 2) the government's position was not substantially justified; 3) no 'special circumstances make an award unjust'; and 4) the fee application is submitted to the court within 30 days of final judgment and is supported by an itemized statement." *United States v. Hallmark Constr. Co.*, 200

F.3d 1076, 1078-79 (7th Cir. 2000). As Defendant does not contest that Plaintiff is entitled to fees, and the Court does not find any of these requirements lacking, Plaintiff will be awarded fees and costs pursuant to the EAJA. Only the amount to be awarded is in dispute.

Plaintiff seeks fees for his attorney's work at the rate of $180 per hour, arguing that increases in the cost of living justify a higher rate than that set by statute. It is the plaintiff's burden to show that fees sought are reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Under 28 U.S.C. § 2412(d)(2)(A), the maximum attorney fee rate is $125 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." The Seventh Circuit recently emphasized that the burden is on plaintiff to show that inflation or some other factor justifies a fee award in excess of $125 per hour. *Mathews-Sheets v. Astrue*, 653 F.3d 560, 563 (7th Cir. 2011). Further, to seek a higher fee based on inflation, the plaintiff must show that a higher cost of living has increased the cost of providing legal services. *Id.*

In the Response, Defendant characterizes *Mathews-Sheets* as setting forth a two-prong burden, including a specific, separate requirement that the plaintiff's lawyer show "'a lawyer capable of competently handling [the case] could not be found in the relevant geographic area.'" (Doc. 26 at 1-2, quoting *Mathews-Sheets*, 653 F.3d at 565). As other courts have noted, the *Mathews-Sheets* decision has resulted in some confusion over precisely what plaintiff must prove to justify a fee award above $125 per hour. *See, e.g.*, *McGrath v. Astrue*, No. 11 C 2125, 2012 WL

4483792, at *3 (N.D. Ill. Sept. 27, 2012). The Court agrees with the reasoning set forth in many recent district court decisions, and finds that despite the language Defendant cites, an onerous separate showing that a plaintiff could not have secured counsel at $125 per hour is not required. *See, e.g., Booker v. Colvin*, No. 09 C 1996, 2013 WL 2147544 (N.D. Ill. May 16, 2013). It would be nearly impossible to make such a showing, and the sentence Defendant quotes should be read in context as a generalization or further explanation of the analysis contained throughout the opinion. However, *Mathews-Sheets* requires that something more than the mere fact that inflation has occurred since the $125 maximum rate was passed in 1996 must be shown to justify a higher fee. *See* 653 F.3d at 563-64. The plaintiff must show an increase in the cost of legal services, both for his attorney specifically and for others in the legal market in his region. *See id.*

In the present Motion and accompanying exhibits, Plaintiff primarily relies on conclusory statements rather than evidence. Even if not required as a separate "prong" to the analysis, Plaintiff argues that he would have been unable to obtain an attorney to represent him at the rate of $125 per hour. (Doc. 25 at 4). He asserts that no attorney other than Ms. Hanson in his county or surrounding counties takes district court Social Security cases, that Ms. Hanson would not work for $125 per hour and that no one from Chicago would take the case at that rate, either. (Doc. 25 at 4). He also points to a recent award to another attorney in Illinois of a rate above $180 per hour, and cites the Consumer Price Index, attached as an exhibit, to show the rate of $180 per hour is justified by the increased cost of living. (Doc. 25 at 5). In her affidavit, Ms. Hanson contends that her law partner bills at a rate of $225-250

3

per hour, though she does not note for what type of cases. Further, she opines that she "find[s] the government's position of paying disability lawyers at the rate of $125 per hour creates a perception that this is an underclass group of lawyers that need not be respected or fully compensated."[1] (Doc. 25 at 8). Finally, she points to requests by other attorneys at the rate of $181.25 per hour and asks for the same because she is "efficient and reasonable in preparing these cases." (Doc. 25 at 8). This paragraph relates the entirety of Plaintiff's arguments, and those of his counsel, related to the higher fee rate.

Under *Mathews-Sheets*, Plaintiff has not met his burden to show that a rate above the EAJA maximum of $125 per hour is justified. Regarding inflation, the Seventh Circuit clearly emphasized that the fact of inflation alone is not enough. *Mathews-Sheets*, 653 F.3d at 563-64. There is no reference in the Motion or the accompanying affidavit and exhibits to Plaintiff's counsel's increased costs or to increased costs of providing legal services generally. Though Plaintiff points to an award in excess of $180 per hour to another attorney in another case, that is not enough to show that inflation justifies a higher rate in this case. Perhaps Plaintiff is attempting to satisfy the other enumerated special factor in § 2412, of the limited availability of qualified attorneys, and to show that there are no attorneys in the geographic region who would take the case at a rate of $125 per hour. To that end, Plaintiff also failed to make a sufficient showing. Merely asserting, in his Motion, that no other attorneys in his area would have taken his case for $125 per hour, without more, does not satisfy this factor.

---

[1] Whether or not this is true, it is not a matter for the Court. The Court must apply the law even if the party finds it offensive or unfair.

For these reasons, the Court finds Plaintiff has not shown a justification for a fee award in excess of the statutory maximum $125 per hour under the EAJA. The Court finds it appropriate to award attorneys' fees at the rate of $125 per hour. Defendant does not challenge the number of hours of work and the Court does not find it unreasonable; thus, the Court also approves the itemized 42.3 hours of attorney time expended for this case.[2] Plaintiff is therefore entitled to attorney's fees of $5,287.50 and costs of $58.00, totaling $5,345.50.

As a final matter, Plaintiff also requests that the fee award be made payable to his attorney, Ms. Hanson. (Doc. 25 at 6). Plaintiff filed an Assignment of EAJA Fee (Doc. 16) in this case, supporting the assertion that his right to attorneys' fees was assigned to his attorney.

The Supreme Court recently held that an attorneys' fee award under the EAJA is payable to the plaintiff, and is thus subject to an offset by any debt he owes to the United States. *Astrue v. Ratliff*, 130 S. Ct. 2521, 2524 (2010). Defendant, citing *Ratliff*, asserts that the award belongs to Plaintiff, but "[a]fter the [C]ourt enters this award, if Defendant can verify that Plaintiff owes no pre-existing debt subject to the offset, Defendant will direct that the award be made payable to Plaintiff's attorney." (Doc. 26 at 3 n.6).

Though *Ratliff* clarified that the fee award may be offset against debt owed the United States, it did not squarely confront the practical effect of a fee assignment. In the wake of *Ratliff*, this Court directed payment to the plaintiff even

---

[2] The Court notes that Plaintiff also requests compensation for time his attorney spent preparing the Motion for Attorney's Fees. (Doc. 25 at 6). Fees for preparing such a motion are generally allowed, but Plaintiff has failed to set forth the number of hours spent. Thus, no fees are awarded for this work.

in light of an assignment. *See, e.g., Borth v. Comm'r of Soc. Sec.*, No. 08-cv-1352, 2010 WL 3724804 (C.D. Ill. Sept. 14, 2010). Since then, in *Mathews-Sheets*, the Seventh Circuit briefly addressed this issue, stating the Supreme Court's language "suggests that if there is an assignment, the only ground for the district court's insisting on making the award to the plaintiff is that the plaintiff has debts that may be prior to what she owes her lawyer." 653 F.3d at 565. This still leaves the question of when the debts must be raised to the Court, and other district courts in this circuit have varying practices in this respect. Some judges have directed payment to the attorney pursuant to an assignment if the debt was not indicated during briefing on attorneys' fees. *E.g., Booker*, 2013 WL 2147544, at *8. Others have awarded the fees to the plaintiff—in one case, the judge emphasized both the practical matter that the debts that may lead to an offset are identified through the payment process, and the defendant's assurance that after the search for debts he would consider making payment directly to the attorney. *Tadros v. Astrue*, No. 10 C 7074, 2012 WL 965090, at *4 n.2 (N.D. Ill. Mar. 21, 2012). The Court finds it appropriate, under *Ratliff* and with consideration for the practical matter of determining whether an offset applies, to follow a course of action more in line with the latter reasoning. Thus, the fees are awarded to Plaintiff, but the Court orders that Defendant, as he represented he would in his brief, make the award payable to Ms. Hanson after he verifies that no offset applies.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Attorney's Fees under the EAJA (Doc. 25) is GRANTED IN PART. The Court awards Plaintiff $5,345.50 in attorney's fees and costs. The Clerk is DIRECTED to prepare an

amended judgment to this effect. Further, Defendant is ORDERED that the award is made to Plaintiff, but upon determination that no offset applies, payment shall be made to his attorney, Ellen C. Hanson.

Entered this <u>24th</u> day of June, 2013.

                                                        s/ Joe B. McDade
                                                       JOE BILLY McDADE
                              United States Senior District Judge